Allied Thermal Corporation et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, *v.* James Talcott, Inc., Appellant, et al., Defendant.

First Department, February 11, 1957.

*James C. Slaughter* of counsel (*Reuben Golin* and *Daniel H. Greenberg,* with him on the brief; *Hahn & Golin,* attorneys), for appellant.

*Julius Wolfson* of counsel (*M. M. Leichter* with him on the brief; *Weissberger & Leichter,* attorneys), for respondents.

PECK, P. J.   This is an action by suppliers of material to a subcontractor to compel defendant, a factor to the subcontractor, to account for funds received by the subcontractor for supplying material to an improvement of premises located in the State of Pennsylvania.

The question presented is whether section 36-b of the Lien Law, declaring funds received by a subcontractor for the improvement of real property to be trust funds in his hands for the benefit of materialmen, and article 3-A of the Lien Law, providing a procedure for enforcing such a trust by an action, apply where the improvement is without the State.

Clearly the provisions of the Lien Law relating to mechanics' liens and their enforcement apply only to property in the State. It is plaintiff's contention, however, that it does not necessarily follow that the trust fund provision of section 36-b and the enforcement procedure provided by article 3-A are similarly limited to cases in which the improvement is located in the State. The complaint alleges that all of the parties to this action do business in New York, that the agreements between the general contractor and the subcontractor, under which the materials in question were supplied, were made in the State of New York, and that the payments were received by the subcontractor and turned over to defendant in the State of New York. Plaintiffs argue therefore that there is a sufficient basis for jurisdiction in New York to apply what they regard to be the in personam provisions of the Lien Law.

It is our conclusion, as a matter of construction, that it was not the intention of the Legislature to make the trust fund provisions of the Lien Law applicable in the absence of a jurisdiction over the improvement. There is nothing in the sections of the law relied on by plaintiffs which suggests that the right and remedy created are based on the residence of the parties or the place where the contracts or payments are made. On the contrary, we think that the trust fund and rights therein arise out of the supplying of material to the improvement, and that the rights created are incident thereto, not dependent upon or determined by such factors as the plaintiffs allege. In this view, the jurisdiction is based on the location of the improvement and not the location of the parties or the *lex loci contractu*.

The entire concept behind the Lien Law is one of equity in special procedures related to the improvement of real property. Parties may have different contractual rights and remedies in different places but the specific and special remedies provided by a lien law are related to a jurisdiction existing and exercised by virtue of the location of the improvement in the State. There are several remedies and qualifying procedures under our Lien Law. They can be equitably and practically administered only if the administration is integrated, controlled and co-ordinated under the same law. That is the contemplation and pattern of the law. This unitary jurisdiction is the jurisdiction over the improvement. We think that all of the provisions of our Lien Law were adopted in relation to this pattern and that it was not the intention of the Legislature in enacting section 36-b and article 3-A to create either a right or remedy in respect to improvements without the State. This conclusion is fortified by the fact that article 3-A in its opening provision on construction recites that it is to be construed in connection with article 2, which as a whole, including section 36-b, comes under the heading " Mechanics' Liens ".

The order appealed from should be reversed and the motion to dismiss the complaint on jurisdictional grounds granted, with costs to appellant.

BOTEIN, RABIN and FRANK, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, the motion to dismiss the complaint on jurisdictional grounds granted, and the clerk is directed to enter judgment in favor of the defendant, James Talcott, Inc., dismissing the complaint, with costs.